NOT DESIGNATED FOR PUBLICATION

No. 115,599

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ULYSSES CLARK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed May 12, 2017. Reversed and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL and SCHROEDER, JJ.

*Per Curiam*:  Ulysses Clark appeals the denial of his motion to withdraw his plea prior to being resentenced after his previous sentence was vacated. We agree Clark has shown good cause to withdraw his plea, and the district court abused its discretion when it denied Clark's motion. We reverse and remand with directions.

Pursuant to the plea agreement, Clark pled no contest to sale of methadone and sale of oxycodone, both drug severity level 1 nonperson felonies. In addition, he pled no contest to perjury, a severity level 7 nonperson felony, and solicitation of first-degree murder, a severity level 3 person felony. The State also dismissed with prejudice three

1

other cases and agreed not to bring any other charges arising out of the same transaction or transactions. Clark appealed. See *State v. Clark*, No. 105,614, 2012 WL 718949 (Kan. App. 2012) (unpublished opinion) (*Clark I*).

In *Clark I*, this court vacated Clark's sentence because the record did not support the district court's conclusion his prior crimes of conviction raised his current crimes of sale of methadone and sale of oxycodone to severity level 1 drug felonies and remanded for resentencing. 2012 WL 718949, at *2-3.

At the time of his original plea, he was charged with and explained the penalties for a severity level 1 drug felony with a sentencing range of 138 to 204 months' imprisonment for each count. The court in *Clark I* found the two drug convictions were actually severity level 2 drug crimes. Thus, the actual sentencing range became 46 to 83 months' imprisonment for each count.

Prior to being resentenced, Clark orally moved to withdraw his plea, claiming he was improperly explained the sentencing scheme; thus, his plea was no longer fairly and understandingly made with full knowledge of the consequences. The district court denied the motion. Now on appeal, we are tasked with answering whether Clark's plea was knowingly and intelligently entered into when he was explained the penalties for a severity level 1 drug felony instead of a severity level 2 drug felony.

We find Clark was entitled to be explained the penalties for severity level 2 drug felonies and not severity level 1 drug felonies. The district court had a duty to explain the correct range of possible penalties. See K.S.A. 2016 Supp. 22-3210(2) (a plea may be accepted "in felony cases [if] the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea"). Since the district court explained the penalties at the time

2

of his plea for severity level 1 drug crimes and not severity level 2 drug crimes, we find Clark has shown good cause to withdraw his plea, and the district court abused its discretion by making an error of law. A judicial action constitutes an abuse of discretion if it is based on an error of law. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). We remand for the district court to allow Clark to withdraw his plea.

Reversed and remanded with directions.